**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Criminal Action No. 13-cr-319-MSK**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**1. JORGE OCTAVIO GARCIA-CALDERON,**

**Defendant.**

---

**PLEA AGREEMENT**

---

The United States of America, by and through John F. Walsh, United States Attorney for the District of Colorado, and Geoffrey D. Rieman, Special Assistant United States Attorney, and the defendant, Jorge Octavio Garcia-Calderon, personally and by counsel, Eric M. Johnson, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

## I. AGREEMENT

***A. Defendant's Obligations:***

The defendant agrees to plead guilty to the sole count of the Indictment, charging a violation of 8 U.S.C. § 1326(a) and (b)(2), illegal re-entry of a previously removed alien following an aggravated felony conviction. The defendant intends to seek a sentence below the advisory guideline range.

***B. Government's Obligations:***



Court's Exhibit
1

In exchange for the defendant's plea of guilty, the United States agrees to recommend the Court give the defendant full credit for acceptance of responsibility per USSG § 3E1.1, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, comment (note 4) between the time of his guilty plea and sentencing. The United States agrees to recommend a term of imprisonment within the applicable advisory guideline range as determined by the Court. The United States also agrees not to oppose the defendant's request that any term of imprisonment imposed in the defendant's supervised release violation proceeding (13-CR-00270-MSK) run concurrent with the term of imprisonment imposed in this matter.

## II. ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of the offense to which the defendant is entering a plea of guilty are as follows:

*First*: The defendant was an alien (not a citizen or national of the United States) at the time alleged in the indictment;

*Second*: the defendant had previously been deported and removed from the United States;

*Third*: the defendant knowingly entered and was found in the United States;

*Fourth*: the defendant had not received the consent of the proper legal authority to reapply for admission to the United States.

Note: The defendant acknowledges that he had been convicted of an aggravated felony offense prior to his deportation or removal from the United States. This is not an essential element of the offense, but rather is a sentencing factor for the Court. *See*

*Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 8 U.S.C. § 1326(a) and (b)(2) is not more than 20 years imprisonment; not more than a $250,000 fine, or both; not more than 3 years supervised release; and a $100 special assessment fee.

If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

## IV. COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury. If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States or confined indefinitely if there is no country to which the defendant may be deported, to be denied admission to the United States in the future, and to be denied citizenship.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. §3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. §3553 factors, or to the Court's overall sentencing decision.

The parties stipulate and agree as follows:

The defendant is a citizen and national of Mexico with no claim to lawful status in the United States. On March 9, 1999, the defendant was convicted of felony possession for sale of a controlled substance, in violation of Cal. Health & Safety Code § 11351. The state court sentenced the defendant to a term of imprisonment of 365 days jail and three years of probation. The defendant was deported from the United States on August 20, 1999. On April 27, 2001, in the District of Utah, the defendant was convicted of illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to serve 41 months of imprisonment. On December 3, 2003, the defendant admitted a violation of the state probation imposed following his conviction for felony possession of a sale of a controlled substance, and the state court imposed an additional term of imprisonment of 50 days. Approximately six days later, on December 9, 2003, the defendant was deported from the United States. Although the defendant did not seek or obtain permission to return lawfully, he came back to the United States and avoided detection at the border. On February 15, 2013, an immigration official encountered the defendant while he was incarcerated at the Denver Justice Center, in Denver, Colorado.

## VI. ADVISORY GUIDELINE COMPUTATION AND 18 U.S.C. § 3553 ADVISEMENT

The parties understand that the United States Sentencing Guidelines are only

advisory, but represent the starting point and benchmark for sentencing. *Gall v. United States,* 128 S.Ct. 586 (2007). The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. §3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

USSG § 1B1.11 states that, generally, "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." Therefore, the 2012 Guidelines Manual is applicable to this case:

A. The base guideline is §2L1.2, with a base offense level of 8.

B. The following specific offense characteristics apply:

(1) The government submits that the defendant was convicted of a drug trafficking offense for which the term of imprisonment exceeded 13 months: + 16. The defendant, however, argues that the sentence imposed in his drug trafficking conviction did not exceed 13 months: +12.

C. There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments.

D. Based on the government's calculation, the adjusted offense level therefore would be 24. Based on the defendant's calculation, the adjusted offense level would be 20.

E. The defendant should receive a 3-level adjustment for acceptance of responsibility under § 3E1.1. Based on the government's calculation, the resulting offense level therefore would be 21. Based on the defendant's calculation, the adjusted offense level would be 17.

F. The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on information currently available to the parties, the government estimates that the defendant is a Criminal History Category IV. The defendant estimates that he is a Criminal History Category III.

G. Assuming the criminal history facts known to the parties are correct, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

H. Imprisonment: Based on the government's calculation, the advisory guideline range of imprisonment resulting from an offense level of 21 and the estimated criminal history category is 57-71 months. Based on the defendant's calculation, the advisory guideline range of imprisonment resulting from an offense level of 17 and the estimated criminal history category is 30-37 months. However, in order to be as accurate as possible with the criminal history category undetermined at this time and the offense level in dispute, the offense levels estimated above could conceivably result in a range from 37 months (bottom of Category I) to 96 months (top of Category VI) based on the government's calculation and a range of 24 months (bottom of Category I) to 63 months (top of Category VI) based on the defendant's calculation.

In any event, the guideline range would not exceed the cumulative statutory maximum applicable to the count of conviction.

I. Fine: Pursuant to guideline § 5E1.2, assuming the government's estimated offense level of 21, the fine range for this offense would be $7,500 - $75,000, plus applicable interest and penalties. Assuming the defendant's estimated offense level of 17, the fine range for this offense would be $5,000 - $50,000, plus applicable interest and penalties.

J. Supervised Release: The guideline range of supervised release under § 5D1.2 is at least one year but not more than three years. However, pursuant to § 5D1.1(c), the Court should ordinarily not impose a term of supervised release because supervised release is not required by statute and the defendant is an alien who likely will be deported after imprisonment. The Court may consider imposing a term of supervised release if the Court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of the particular case. § 5D1.1, comment (note 5).

The parties understand that although the Court will consider the parties' guideline estimate, the Court must make its own determination of the applicable guideline range. In doing so, the Court is not bound by the position of any party. The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. §3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. §3553 factor.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 9/24/2013

Jorge Octavio Garcia-Calderon
Defendant

Date: 9/24/2013

Eric M. Johnson
Attorney for Defendant

Date: 10/29/2013

Geoffrey D. Rieman
Special Assistant U.S. Attorney